IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS, | No. C 13-5655 CW |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND (Re: Docket No. 27) |
| v. | |
| ASBESTOS CORPORATION LIMITED, et al., | |
| Defendants. | |

Plaintiff David Phillips moves to remand this case back to San Francisco superior court. Defendant Crane Co. opposes. The Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the papers submitted by the parties, the Court GRANTS Phillips' motion to remand.

## FACTUAL BACKGROUND

On December 20, 2011, Phillips filed suit in San Francisco superior court against Crane and other defendants, asserting negligence and other state law claims for causing him asbestos-related injuries. Specifically, Phillips worked at several locations containing asbestos, including the Mare Island Naval Shipyard, and now suffers from asbestos-related pleural disease and asbestosis, serious lung diseases that are associated with the inhalation of asbestos fibers. In his complaint, Phillips expressly waived claims against Crane relating to his exposure to asbestos at military and federal government jobsites, or from U.S. military vessels, aircraft, or equipment. Complaint ¶ 6.

On December 6, 2013, Crane removed this action to federal court. Phillips now moves to remand the suit back to San Francisco superior court.

DISCUSSION

Crane argues that it properly removed this action under the federal officer removal statute, which provides that an action may be removed by "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1). Suits against federal officers are exceptional in that they may be removed to federal court despite the nonfederal nature of the complaint. Jefferson County v. Acker, 527 U.S. 423, 431 (1999). Although removal under § 1441 is strictly construed, with any doubt resolved in favor of remand, the removal rights of § 1442 are broader than those provided by § 1441 because it is important to the federal government to protect its officers. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The Ninth Circuit instructs that there is a "clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." Durham, 445 F.3d at 1252 (quoting Arizona v. Manypenny, 451 U.S. 232, 242 (1981)).

Thus, the fact that Phillips' complaint expressly disavows any federal claims is not determinative. Rather, removal is proper under the federal officer removal statute if the removing party: (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to the

2

plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and the defendant's acts performed under color of federal office. Mesa v. California, 489 U.S. 121, 124-25, 134-35 (1989); Fung v. Abex Corp., 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

Here, Crane claims that the federal defense of military contractor immunity shields it from liability. This doctrine provides, "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). The justification for this defense is that liability for independent contractors performing work for the federal government constitutes a uniquely federal concern. Id. at 505.

In the present case, however, Phillips has expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels. This removes any claims to which military contractor immunity might act as a defense. The Court sees no reason not to hold Phillips to this waiver; this same waiver language was found to justify remand in many cases in this district with very similar facts.[1] The

---

[1] See, e.g., Pratt v. Asbestos Corp., Ltd., 2011 WL 4433724 (N.D. Cal.); Dobrocke v. Allis-Chalmers Corp. Product Liability Trust, 2009 WL 1464153 (N.D. Cal.); Madden v. A.H. Voss Co., 2009 WL 341377 (N.D. Cal.); Westbrook v. Asbestos Defendants, 2001 WL 902642 (N.D. Cal.).

waiver justifies remand.  If Phillips later attempts to reverse course, and is allowed to do so by the state court despite his express waiver, Crane can remove once again.[2]

IT IS SO ORDERED.

Dated: 2/26/2014

                        CLAUDIA WILKEN
                        United States District Judge

---

[2] See 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

4